34 So.2d 584

**ST. JOHN et al. v. CAMPBELL et al.**

**7 Div. 928.**

Supreme Court of Alabama.

March 25, 1948.

Motley & Motley, of Gadsden, for appellants.

W. L. Acuff, of Ashville, and W. T. Starnes, of Pell City, for appellees.

BROWN, Justice.

The appellants filed an original bill in the nature of a bill of review to set aside

and vacate a decree of the same court—a court of equity—in which the bill was filed on the ground that it was procured through fraud, accident or mistake without negligence on the part of the complainant, alleging in their bill that they had a meritorious defense, which they were prevented from making because of the failure of service of process on them or other notice as to the pendency of said suit.

The substance of the averments of the bill is that the complainants had executed certain notes to H. G. Campbell for the purchase money of certain lands and that said notes had been paid prior to the filing of the bill in the case where the decree was obtained, ascertaining the amount of the indebtedness and declaring a vendor's lien on the complainants' lands.

The lack of service of process in the case in which the decree sought to be vacated was rendered was controverted by the answer, as was the payment of certain notes which the complainants set up as their defense, which they were prevented from making.

The indebtedness secured by the notes on which that bill was rested were assigned to the complainants in that case in the settlement of a partnership between complainants and H. G. Campbell.

The case was heard in the circuit court on the issues joined on evidence given ore tenus, resulting in a decree dismissing the bill.

It is well settled that courts of equity will set aside and vacate judgments or decrees whether at law or in equity procured by fraud, accident and mistake without negligence on the part of the complainant, if the complainant has a meritorious defense. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232.

After examination of the voluminous evidence in this case, we are not able to affirm that the complainants met and carried the burden of showing that they had a meritorious defense in the case wherein the decree was rendered. Nor are we able to affirm that the complainants carried the burden as to the other issue of fact, that the decree was rendered without notice.

Full discussion of the testimony would serve no useful purpose.

The decree dismissing the bill is due to be affirmed. So ordered.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.