202 So.2d 543

**Paul MADDOX**

v.

**Mrs. E. B. HUNT.**

I Div. 339.

Supreme Court of Alabama.

Aug. 17, 1967.

Jere Austill, Jr., of Austill, Austill & Austill, Mobile, for appellant.

Hamilton, Denniston, Butler & Riddick and Oliver J. Latour, Jr., Mobile, for appellee.

HARWOOD, Justice.

On 9 January 1960, Paul Maddox, then a minor, was riding as a passenger in an automobile being driven by Mark Coulson. There were four other passengers besides Paul Maddox in the Coulson automobile. All were teenagers.

On Cedar Point Road the Coulson automobile and one driven by Mrs. E. B. Hunt (then Rachel L. Wells), collided head on. Two daughters of Mrs. Hunt were in her automobile.

All of the parties in the automobiles received injuries. Paul Maddox received permanent brain damage, in addition to a broken jaw, loss of six teeth, and mental sluggishness resulting from his head injuries.

A number of suits resulted from this collision.

On 5 February 1960, Paul Maddox, suing as a minor through his father and next friend, filed an action against Mrs. Hunt (then Mrs. Wells). This suit was docketed as No. 2215.

On 27 April 1960, Silas Maddox, the father of Paul, filed a suit against Mrs. Hunt (then Mrs. Wells) claiming damages for medical expenses incurred in behalf of Paul, for loss of his services, etc. This suit was docketed as No. 2729.

There were numerous amendments filed in both suits.

In the minor's suit (No. 2215) service of the complaint was attempted 2 March 1960, and on 21 February 1961, but was returned by the sheriff with the notation "not found."

In January 1961, the complaint in the minor's suit was amended by adding Mark Coulson as a party defendant, and a second

count was added charging wanton conduct to both of the defendants, and the amount of damages claimed was increased from $50,000 to $150,000.

A non-suit was later requested as to Coulson, the plaintiff admitting the claim against Coulson had been settled.

Thereafter an amendment to the Paul Maddox complaint was filed which in effect deleted Coulson as a defendant, but retained both the negligence count and the wanton count.

None of these amendments were served on Mrs. Hunt at the time of their filing.

Sometime prior to 22 February 1962, Mrs. Hunt's attorneys received notice from the Clerk of the Circuit Court of Mobile County that the Paul Maddox (minor's case) and the Silas Maddox case were set for trial on 28 February 1962, and that Hamilton, Denniston, Butler and Riddick were listed as attorneys for Mrs. Hunt.

Oliver J. Latour, an associate in the above firm was the attorney actually handling the cases for Mrs. Hunt, he having taken over the cases from Mr. Lochlin who had formerly handled the cases but who had left the firm.

Upon receiving notice of the trial dates of the Maddox cases, Mr. Latour called the law firm of Austill, Austill and Austill and conversed with Evan Austill, a member of the firm. Latour stated that his firm represented Mrs. Hunt in these cases; that Mrs. Hunt had no liability insurance and no property, and to the best of his knowledge a judgment against her would be uncollectible, and that the best thing to do would be to forget the suit. Evan Austill replied that Paul Maddox had been severely injured and the case would have to be tried, but that he would agree to pass the cases set for 28 February 1962, and would arrange for the continuance.

There was also a discussion of the fact that no service had been had in the Paul Maddox case, and Evan Austill asked if Latour or his firm would accept service in this case. Latour stated he could not accept service, but would furnish Mrs. Hunt's address.

The Maddox cases were continued on the 28th as agreed.

Thereafter, on 25 March 1964, Mrs. Hunt was present in court in connection with the trial of a suit wherein the mother of Mark Coulson was seeking damages for injuries to her automobile which was being operated by her son, Mark, at the time of the collision. During the noon recess of this trial Mrs. Hunt was served with the Paul Maddox and Silas Maddox complaints.

When Latour returned after the noon recess, Mrs. Hunt gave him the complaints in the Maddox cases. The trial of the Coulson case was about to resume, and he looked at the papers but only had time to read the captions. He saw from the captions that the complaints had been amended to show "Mrs. E. B. Hunt, formerly Rachel L. Wells" as the defendant. Mr. Latour testified that, "Unfortunately, I placed them in the file I had with me that day" (that is the file in the Coulson case) "and the other suits that had been filed."

Mrs. Hunt testified that she handed the complaints to Mr. Latour, and contacted him several times afterwards and was told she would be advised when the suit was coming up.

No appearance was ever filed in the Paul Maddox case.

On 15 May 1964, some fifty days after the service of the complaint on Mrs. Hunt, a non-military affidavit was filed and a judgment by default was entered in favor of the plaintiff in the Paul Maddox case with leave for a jury to assess damages.

On 19 August 1964, Paul Maddox having reached his majority, struck "a minor suing by and through his father and next friend" from the caption of the complaint, and moved to withdraw his demand for a jury trial. This motion was granted, and on that

day, after a hearing, the court assessed Paul Maddox's damages at $20,000 and entered judgment accordingly.

■ A judgment by default with leave to prove damages is interlocutory and can be set aside at any time until entry of judgment on assessment of damages. It then becomes a final judgment. Thus the default judgment in this case became final upon the judgment assessing damages entered on 19 August 1964. Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130.

Some four or five months after the assessment of damages, execution was levied on property of Mrs. Hunt, and a sheriff's sale was advertised. It was not until the levy of execution that Mrs. Hunt or her attorneys were aware of the rendition of the judgment.

A temporary injunction was obtained enjoining the execution sale, and on 21 December 1964, Mrs. Hunt filed a bill in the nature of a bill of review seeking to have the judgment set aside.

The bill sets up the history of the case as we have outlined above.

Paragraph 2 of the bill is as follows:

"That on, to-wit, January 9, 1960 Complainant was involved in an automobile accident while operating an automobile northwardly on Cedar Point Road approximately ¾ of a mile south of the Dog River Bridge. That Complainant's vehicle collided with a vehicle traveling southwardly on Cedar Point Road and operated by Robert Coulson. That Respondent, Paul Maddox, and five other teenagers occupied the vehicle being operated by the said Coulson as aforesaid at said time and place and there existed between Paul Maddox and the said Coulson a joint enterprise or common venture. That immediately prior to the aforesaid accident in which Paul Maddox was injured the automobile operated by the said Coulson entered into the lane of traffic on Complainant's side (East side) of the highway. That Complainant attempted to move her vehicle to the East side of the roadway in order to avoid the impending collision, and in doing so the right front wheel of Complainant's vehicle entered a deep drop off contiguous with the highway surface; that Complainant's vehicle travelled approximately 15 feet along said highway and contiguous to said highway and, upon reaching the end of said drop off Complainant's vehicle was impelled to her left side (West side) of said highway and collided with the on-coming automobile occupied by Paul Maddox. That Complainant was met with a sudden emergency and acted as a reasonably prudent person would have done under the same or similar circumstances and that the emergency was not created by any negligence on the part of Complainant. All as appears more fully from the affidavit hereto attached as Exhibit 'A' and made a part hereof."

Paragraph 7 avers:

"Complainant avers that although she has a good and true defense to the action filed against her by Respondent, Paul Maddox, through accident and mistake no pleadings were filed in said law suit."

A demurrer was filed to the bill. Ground 14 is to the effect that the bill "fails to show in positive, explicit and certain terms that the complainant has a defense to the proceedings described in the complaint and could establish such defense." Ground 16 asserts that: "It does not appear from the averments of the complaint that the complainant could prove a meritorious defense to the lawsuit described in the proceedings if opportunity to do so were extended to her." Ground 17 challenges the bill on the ground that: "The allegations that 'there existed between Paul Maddox and the said Coulson a joint enterprise or common venture' is a mere conclusion of the pleader."

The demurrer was overruled and the respondent, Maddox, filed an answer to the

bill. In this answer he specifically denied that any joint enterprise or common venture between himself and Coulson at the time of the collision. The answer further asserts that the only appearance filed by the attorneys for Mrs. Hunt was in a different lawsuit (the Silas Maddox case), and this appearance was filed at a time such different lawsuit was being handled by D. R. Coley, Jr., who withdrew from said suit prior to the filing of the Paul Maddox suit resulting in the judgment now sought to be set aside.

Issue was thus joined and a hearing was had on the bill to set aside the judgment.

The evidence presented at this hearing tended to show the matters already set out above, though in addition to the facts already set forth, Mr. Latour testified that it is the custom prevailing in the Mobile Bar that no default judgment will be taken when an attorney knows that another attorney is involved in a case without first notifying the opposing attorney that such default judgment will be taken.

Also at the hearing, William Touart, a patrolman with the Mobile Police Force, testified that he had investigated the collision in question. The accident occurred just south of a curve. There was a rut in the shoulder off the paved portion of the road 7 or 8 inches deep extending for 12 feet. The tracks of Mrs. Hunt's automobile led from this rut across the center line of the road to the point of impact which was marked by debris within the north bound traffic lane in which the Coulson automobile was traveling.

The record shows that in the hearing in the matter of the temporary injunction, Mrs. Hunt testified that she knew of the Paul Maddox suit in 1962, but had not been served in such suit. She had talked to her lawyer about it, and thought he would notify her if she was needed. When she was served in the Paul Maddox suit in 1964, she again talked with Mr. Latour. She also testified that she had agreed to pay a settlement agreed to in the suit brought against her by Mark Coulson, the driver of the car with which she collided.

Jere Austill, Jr., testified that he was the member of his firm handling the Paul Maddox case.

At no time prior to levy of the execution by the sheriff did he have any knowledge that the firm of Hamilton, Denniston, Butler and Riddick, or any other law firm, was in the case. He had not filed the suit in the Silas Maddox case at the time an appearance was filed in that case, which appearance was served on D. R. Coley, Jr., who had filed the original complaint in the Silas Maddox case.

On cross examination Jere Austill, Jr., testified he did not know that his brother and law partner, Evan Austill had continued the Maddox cases at the request of Mr. Latour.

Upon completion of the hearing, the court entered a decree in which it found that the clerk of the court had mailed to all attorneys a notice of the settings of cases appearing thereon, which notice indicated that Hamilton, Denniston, Butler and Riddick represented Mrs. Hunt in both of the Maddox cases, and that said attorneys had filed an appearance in the Silas Maddox case; that the cases had been set for trial in February 1962, but were continued as a result of a telephone conversation between Mr. Latour and Mr. Evan Austill; that the complaint in the Paul Maddox case had been amended several times but was not served upon Mrs. Hunt until 25 March 1964, when she was in court attending trial of another case.

The court found "that the complainant herein has a meritorious defense to said suit at law." The decree then reads:

"NOW, THEREFORE, considering all of the fact established by the relevant, material, competent and legal evidence,

the court is of the opinion that the complainant is entitled to relief and should have her 'day in Court' as to her defense to the suit at law; and the Court is also of the opinion that the respondent should be protected in the premises, as hereinafter more fully set out.

"This Court is cognizant, and takes judicial notice of the fact that the practitioners at the Bar of the Mobile Circuit have always reposed complete confidence in arrangements or agreements between counsel without insisting on the harsh 'arms length' methods set out in Rule 14 of the Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction. While the rule was designed to protect the parties, their attorneys, and the Courts from asserted oral promises or agreements without substantiating written evidence, in the case at bar the material facts are not contested, and it is uncontroverted that it is customary in the Mobile Bar not to take a default judgment in a case, known to be defended by another attorney, without notice of such intent to the opposing attorney.

"While it is true that the member of the firm, representing the respondent, who took the default herein sought to be set aside did not personally have actual knowledge of the representation of complainant by her attorneys in Civil Case No. 2215, he was chargeable with knowledge of that fact by reason of the information given to another member of his firm.

"Alabama Digest, 'Partnership', Key 159

"Title 43 § 1 et seq., Code of Alabama

"This being a Court of equity, principles of equity and good conscience will be applied. In cases of accident and mistake, equity will afford relief; and equity decrees will be so framed as to protect the rights of all parties."

The court then decreed, among other things, that the judgment in the case be set aside, and the case returned to the civil docket, but that the amendment to the caption of the case be allowed, Paul Maddox having become of age.

Appellant's assignments of error Nos. 1 and 2 question the action of the court in overruling the demurrer to the complaint as a whole, and in that aspect which sought to set aside the judgment rendered in the Paul Maddox case.

■ Courts of equity will set aside and vacate judgments procured by fraud, accident, or mistake, and without negligence on the part of the complainant, if the complainant has a meritorious defense. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; St. John v. Campbell, 250 Ala. 380, 34 So.2d 584.

However, as stated in Hendley v. Chabert et al., 189 Ala. 258, 65 So. 993, this equitable power to set aside a judgment of another court is of great strictness, otherwise equity courts would supplant the jurisdiction of all other courts. A due regard for the interests of society requires strictness and caution in the exercise of this power of equity to set aside judgments.

Laying aside consideration of whether accident or mistake was involved in the procurement of the judgment (certainly no fraud was present), we will consider the sufficiency of the bill in alleging a meritorious defense.

■ Allegations of a meritorious defense must be positive, explicit, and certain. As against demurrer, a general conclusion of the pleader is insufficient, and the defense should be set forth sufficiently to show that the complainant has such defense and is prepared to establish it. De Soto Coal, Mining and Development Co. v. Hill, 188 Ala. 667, 65 So. 988; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.

2d 782; Fletcher v. First National Bank of Opelika et al., 244 Ala. 98, 11 So.2d 854.

The meritorious defense set up in the bill is to the effect that the complainant (Mrs. Hunt) was placed in a situation of sudden peril by the act of the driver in rounding a curve as he approached the automobile she was driving and that she thereafter acted as a reasonably prudent person would have acted. In other words, that the driver of the automobile was guilty of contributory negligence.

■ It is to be noted that the portion of the complaint attempting to set up contributory negligence on the part of the driver of the Coulson automobile fails to aver facts which raise any duty owed by Maddox to Mrs. Hunt, or a negligent breach of any such duty as constituting a proximate cause of the collision. In this aspect the bill was faulty. See Walker v. Bowling, 261 Ala. 46, 72 So.2d 841.

■ But of more serious import in measuring the sufficiency of the bill is the doctrine that ordinarily a passenger in an automobile having no control over the operation of the vehicle is not, without more, chargeable with contributory negligence. Johnson v. Battles, 255 Ala. 624, 52 So.2d 702, and a large number of authorities cited therein.

While the complaint does aver that "at said time and place and (sic) there existed between Paul Maddox and the said Coulson a joint enterprise or common venture" such averment is entirely conclusionary in the absence of facts showing a common venture, and furnished the respondent with no facts upon which he could attempt to establish a defense.

But regardless of this conclusionary character of the averment of a joint enterprise, there was no evidence offered tending in anywise to establish any joint enterprise.

■ It is further to be noted that at the time the complaint had been served on Mrs. Hunt, it had been amended by adding a wanton count. A general judgment was entered on the default proceedings. Contributory negligence is no defense to willful or wanton conduct for which a defendant is responsible if such conduct is a proximate cause of the injuries resulting. Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922; Blount Bros. Construction Co. v. Rose, 274 Ala. 429, 149 So.2d 821. This for the reason that the plaintiff may recover despite such contributory negligence on the part of a plaintiff. Louisville and Nashville R. Co. v. Hurt, 101 Ala. 34, 13 So. 130.

It is apparent from a reading of the Chancellor's decree that as a basis for his conclusion, he has accorded considerable weight to the custom of the Mobile Bar in notifying opposing counsel before taking a default judgment.

■ While in no way disparaging this custom, we are nevertheless confronted with the well settled principle that no custom or usage can prevail which conflicts with an established principle of law. Arrant v. Georgia Casualty Co., 212 Ala. 309, 102 So. 447. A custom or usage contrary to a statute ought not to be considered. First National Bank of Montgomery v. Nelson, 105 Ala. 180, 16 So. 707.

■ Section 248, Title 7, Code of Alabama 1940, authorizes a judgment to be rendered by the court on motion of the plaintiff when the defendant has failed to appear, answer, or demur to the complaint within thirty days after the summons and complaint has been served upon him. It also provides that the court may by rule prescribe the time and manner of calling cases for judgment by default. There is no evidence of any such rule having been made. It was therefore available for a judgment by default to be taken at any time after the expiration of thirty days from service on Mrs. Hunt without notice to the defendant, and to do so it is not necessary, without a rule to that effect, to have such case regularly called. Cleveland v. Cleve-

land, 262 Ala. 90, 77 So.2d 343. The judges of the Circuit Court of Mobile County have equal power, authority, and jurisdiction as to the rendition of judgments. Section 161, Title 13, Code of Alabama 1940.

■ By Section 46, Title 46, Code of Alabama 1940, an attorney has authority to bind his client, in any action or proceeding, by an agreement in relation to said cause, *made in writing*, or by entry made on the minutes of the court.

Further, Rule 14 of Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction, as well as Rule 20 of Supreme Court Rules, (see Rules of Court, Title 7, Code of Alabama 1940), are to the effect that no private agreement or consent between the parties, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing and signed by the party to be bound.

In view of the crystalized principles as evidenced by the decisions, statutes, and rules of court, we hold that the custom of the Mobile Bar relating to notifying opposing counsel before taking a default judgment cannot be considered.

Even so, the only agreement made between counsel in this proceeding related to the continuance of the Maddox cases when set for trial in 1962. The cases were continued. At this time there had been no service on Mrs. Hunt, so no default judgment could have been taken. Nor was there any agreement thereafter of any sort relating to these cases.

For the reasons set forth above, it is our conclusion that the court erred in overruling the demurrer to the bill, and therefore this judgment and decree must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.