I must respectfully dissent. The majority misconstrues the issue of wantonness in this case. As we said in our previous opinion in this case, " ' "Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of *Page 53 
such duty injury will likely or probably result. . . .' " 475 So.2d at 528 (quoting Deaton, Inc. v. Burroughs, 456 So.2d 771,775 (Ala. 1984)). The majority's discussion of "knowledge" is an exercise in faulty logic. They are basically saying: "catch-up" driving is dangerous; Bradford was taught "catch-up" driving; therefore, Bradford knew that "catch-up" driving was likely to result in injury. There is a gap in such reasoning. Being taught a dangerous procedure does not necessarily mean that one knows that it is dangerous.
The issue in this case is whether Bradford wasconscious that from the doing of such act ("catch-up" driving) injury would likely or probably result. He had been taught that "catch-up" driving was the safest procedure in those circumstances; such training is very relevant to the element of consciousness, which is the key to the count of wantonness.
Further, the case of Maddox v. Hunt, 281 Ala. 335,202 So.2d 543 (1967), dealt with the inadmissibility of custom contrary to statute in the context of setting aside a default judgment.Wantonness was not at issue in the Maddox v. Hunt discussion as to the admissibility of custom. Counsel has not cited any case that holds that evidence of this sort is not admissible on the issue of wantonness, and I have not found any. Wanton or willful misconduct implies mental action. Thompson v. White,274 Ala. 413, 420, 149 So.2d 797, 804 (1963). Since consciousness is a key element of wantonness, I would hold that the trial court did not err when it admitted evidence of Bradford's training in "catch-up" driving.
MADDOX, HOUSTON and STEAGALL, JJ., concur.