On Application for Rehearing
The opinion of November 7, 1997, is withdrawn, and the following is substituted therefor:
In 1989, J.A. Moone and his wife Sandra Moone entered into an agreement to purchase land in Chilton County from B.T. Reid. In December 1989, Reid was arrested; he was later found guilty of bankruptcy fraud and other offenses.
On December 27, 1990, B.T. Reid sued the Moones (case number CV-91-10D), alleging breach of contract in regard to the Moones' purchase of the land from Reid. The Moones counterclaimed, alleging that, at the time he negotiated the agreement to sell the property to them, Reid knew that he could not convey clear title to the land because he was required to make restitution in the bankruptcy court and could not dispose of or encumber any property he owned. The Moones alleged that Reid had conspired with his attorney, Palmer Keith, to defraud them in the sale of the land. The Moones alleged in their counterclaim that Keith failed to disclose that he held a $30,000 mortgage on the property and that Keith misrepresented to them that title to the property could be transferred free and clear of any encumbrances. The Moones requested, as relief, that the trial court set aside Keith's mortgage and clear the title to the property and award them $110,000 as damages from Reid.
Although the Moones' counterclaim had sought no relief against Keith, nevertheless, on April 16, 1991, Keith filed with the court a document he called an answer, denying all the material allegations in the Moones' counterclaim. On July 8, 1991, the Moones moved to have Keith added as a defendant to their counterclaim.
On December 11, 1991, in a separate action, Keith sued the Moones, seeking to foreclose on his mortgage on the property and seeking $10,000 in damages (case number CV-91-253). The trial court consolidated the two cases on January 3, 1992. On February 12, 1993, the trial court stayed the proceedings, pending the outcome of an involuntary bankruptcy proceeding against Reid.
On April 12, 1995, the bankruptcy court entered an order vesting title to the property in the bankruptcy trustee, distributing certain amounts of the proceeds from the sale of the land,[1] including $8,379.50 to Palmer Keith, and declaring "[t]his judgment does not resolve any claim that the Moones may have against Palmer Keith . . . other than it determines that neither [of the Moones has] any remaining interest in the Chilton property." The bankruptcy judge lifted the stay on November 28, 1995, allowing the cases to proceed in the circuit court and instructing the bankruptcy trustee to pay to the Chilton Circuit Court the $8,379.50 awarded to Palmer Keith, "to be disbursed in [the circuit court actions] as determined by the Circuit Court Judge in the state actions."
In February 1995, the trial court sent notices requesting a status report on the case to the attorneys of record for the parties. The notices sent to Keith and his counsel were returned by the post office marked "Attempted Unknown."
On July 2, 1996, the trial court conducted a hearing; both Reid and Keith failed to appear. The court specifically found that Keith had been given actual notice of *Page 1016 
the proceeding by the clerk's office, which had mailed a copy of the notice of the hearing to Keith's attorney of record. Also on July 2, 1996, the trial court entered an order dismissing Reid's and Keith's claims against the Moones, entering a default judgment in favor of the Moones on their counterclaim, and setting a damages hearing for August 1, 1996. Notice of the default judgment was given to Keith on July 12, 1996.
Keith filed a motion to set aside the default judgment, on August 1, 1996. As the basis for that motion, Keith asserted that the notice of the July 2 hearing was not received by counsel of record, that he had had new counsel, and that the new counsel had had a scheduling conflict and could not attend the August 1, 1996, damages hearing.
The trial court scheduled August 16, 1996, as the date on which it would hear arguments on Keith's motion to set aside the default judgment. On August 16, 1996, the trial court entered an order stating that the hearing occurred on August 2, 1996 (sic), that neither Keith nor Reid appeared or was represented by counsel, and that either Keith or his attorney of record had received notice of the damages hearing.[2] The trial court awarded the Moones $90,000 in compensatory damages and $20,000 in punitive damages and found Reid and Keith to be jointly and severally liable for those damages.
Also on August 16, 1996, the trial judge made the following entry on the case action summary sheet:
 "This matter came on for hearing on a motion to set aside a default [judgment]. [Keith's counsel of record] failed to appear for movant. Andy Mayfield appeared for the Moones. The Court hereby finds that the motion to set aside the default judgment should be and hereby is denied. [Keith's counsel] did appear late and was heard on the motion. After considering same, the motion is denied."
Keith did not appeal from the denial of this postjudgment motion.
On September 17, 1996, Keith filed a motion entitled "Motion for Rehearing," requesting a rehearing on the motion to set aside the judgment that the trial court had denied on August 16, 1996. Keith asserted that he was incompetent at the time the default judgment was entered against him and that, therefore, the judgment was void as a matter of law. Keith attached to his motion the affidavit of his doctor, dated September 12, 1996, that stated that Keith had been mentally incompetent because of medical problems "for quite some time."
On January 23, 1997, the Moones filed a motion requesting the trial court to release the funds held by the clerk. The trial court entered an order on February 21, 1997, releasing the funds held by the clerk.
On February 25, 1997, counsel for Keith moved to set aside the February 21 order, asserting that Keith had not been competent and that he had received no notice of the Moones' January 23, 1997, motion. The trial judge recused himself on March 6, 1997, and the case was assigned to another judge. On April 11, 1997, counsel for Keith filed an amended motion to set aside the February 21 order "pursuant to Rule 60(b)." On April 21, 1997, the trial judge purported to deny Keith's motions, with the following entry on the case action summary sheet: "Motion to set aside taken as [an Ala. R. Civ. P.] 60(b)(4) motion; motion argument heard; motion denied." Keith appeals the April 21, 1997, denial of his motion to set aside the judgment. The *Page 1017 
Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
On appeal, Keith argues that the trial court's default judgment must be set aside as void because, he says, he was incompetent at the time it was entered against him and because the Moones did not specifically request damages from Keith. Keith also argues that the judgment should be set aside under Rule 60(b)(6), Ala.R.Civ.P. Because we conclude that this appeal is due to be dismissed for want of jurisdiction, we do not reach the merits of Keith's arguments.
Initially, we note that default judgments are not favored by the courts. Hannah v. Blackwell, 567 So.2d 1276 (Ala. 1990). The trial court entered the default judgment on July 2, 1996, and reserved the consideration of damages for a later date. A default judgment that reserves the assessment of damages is interlocutory and may be set aside at any time; once the trial court assesses damages on the default judgment, the judgment becomes final. Rule 55(c), Ala.R.Civ.P.; Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543 (1967). On August 1, 1996, Keith filed a motion to set aside the interlocutory default judgment that had been entered on July 2, 1996. The trial court denied that motion on August 16, 1996. Also on August 16, 1996, the trial court entered an order awarding the Moones $90,000 in compensatory damages and $20,000 in punitive damages. Thus, the default judgment became final on August 16, 1996. See Maddox v. Hunt, supra.
Rule 55(c), Ala.R.Civ.P., permits a party to move to set aside the default judgment, within 30 days after the entry of the judgment. On September 17, 1996, Keith filed a motion entitled "Motion for Rehearing," relating to his previous motion to set aside the default judgment. That motion was filed 32 days after the entry of the final default judgment, and was thus untimely as a Rule 55(c) motion to set aside the default judgment.
However, Keith's September 17, 1996, motion could be construed as a Rule 60(b) motion for relief from the judgment. The Rules of Civil Procedure should be liberally construed. Brown v. Murray Sec. Guard Co.,404 So.2d 79, 81 (Ala.Civ.App. 1981). Rule 55(c) provides that a court may not enter a default judgment against an incompetent person. In his September 17 motion, Keith argued that he was an incompetent and had been incompetent when the default judgment was entered against him. Keith attached the affidavit of his doctor to that motion in support of his claim of incompetency.
A default judgment entered against an incompetent person is void; a void judgment may be vacated at any time. Sweeney v. Tritsch, 151 Ala. 242,44 So. 184 (1907). Keith's attack on the default judgment as void is essentially a Rule 60(b)(4) motion. Rule 60(b)(4) provides that an attack on a void judgment must be made within a reasonable time. Rule 60(b)(4), Ala.R.Civ.P.; Marshall v. Mid-State Homes, Inc., 468 So.2d 131 (Ala. 1985); McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App. 1996).
However, it is well settled that a motion made pursuant to Rule 60(b) does not extend or toll the time for appeal of a judgment.[3] Rule 60(b), Ala.R.Civ.P.; Coosa Marble Co. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975); Vaughan v. Vaughan, 539 So.2d 1058 (Ala.Civ.App. 1988); Espie v. Catholic Social Services, 528 So.2d 863 (Ala.Civ.App. 1988); Neal v. Wilson Lumber Co., 410 So.2d 404 (Ala.Civ.App. 1981), aff'd, 410 So.2d 407 (Ala. 1982). The trial court entered its final judgment on August 16, 1996. Keith had 42 days from the date of the final judgment, i.e., until September 27, 1996, in which to appeal that final judgment. *Page 1018 
Keith did not appeal that August 16 final judgment.
Instead, Keith filed the September 17, 1996, motion that we have construed as a Rule 60(b) motion for relief from judgment. A motion made pursuant to Rule 60(b) is not denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P. Conway v. Housing Authority of Birmingham Dist.,676 So.2d 344 (Ala.Civ.App. 1996). Therefore, because the trial court made no ruling on Keith's motion, it remained pending.
On February 21, 1997, the trial court entered an order in which it stated that it was ending the litigation between the parties and in that order it released all funds held by the clerk in this case. In that order, the trial court, apparently not treating the September 17, 1996, motion as a Rule 60(b) motion, erroneously concluded that the time periods for all post-judgment motions and for an appeal had elapsed. However, in the February 21, 1997, order, the trial court ordered that the litigation between the parties be closed. Therefore, Keith's pending Rule 60(b) motion was denied by the trial court in that February 21, 1997, order. Keith did not appeal the denial of his motion.
On February 25, 1997, Keith filed a motion entitled "Motion to Set Aside Final Order"; Keith amended that motion on April 14, 1997. Keith argues that the February 25 motion should be construed as a "motion to reconsider" the February 21, 1997, denial of his Rule 60(b) motion. In both his motion and the amendment, Keith asserted the same grounds he had put forth in his September 17, 1996, motion. The Supreme Court of Alabama has held that the trial court may not reconsider the denial of a Rule 60(b) motion where the facts alleged in the second motion were known to the movant when the initial motion was filed. Ex parte Dowling,477 So.2d 400 (Ala. 1985). After a hearing, the trial court purported to deny Keith's motion. However, the trial court had denied Keith's initial Rule 60(b) motion on February 21, 1997, ending the litigation between the parties; it could not reconsider the same post-trial motion. Subsequent post-trial motions may not be used by a party to extend the time for appeal. Ex parte Dowling, supra.
"In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial." Ex parte Dowling, 477 So.2d at 404.
Keith's subsequent post-trial motions did not extend his time to appeal. This appeal was not timely, either as an appeal from the default judgment or as an appeal from the order denying the Rule 60(b) motion. The appeal is due to be dismissed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; DISMISSED.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.
[1] The record does not indicate who purchased the disputed property.
[2] In the July 2, 1996, order, the damages hearing date was set for August 1, 1996. The first line of the August 16, 1996, order awarding damages states that the damages hearing was conducted on August 2, 1996. "August" was then struck out and "July" was written in by the trial judge. Paragraph 2 then mentions the August 2, 1996, hearing date. A handwritten notation by the judge at the end of the order then states "as announced from the bench on August 1, 1996."
[3] A party may appeal the denial of a Rule 60(b) motion, but the review of that appeal is limited to the correctness of the denial of the Rule 60(b) motion, and not the correctness of the underlying judgment.