S. Palmer Keith suffered a judgment by default in the Circuit Court of Chilton County. The Court of Civil Appeals dismissed as untimely his appeal from the trial court's denial of his postjudgment motions. Keith v. Moone, [Ms. 2961041, December 12, 1997] 771 So.2d 1014 (Ala.Civ.App. 1997). We reverse the judgment and remand for the Court of Civil Appeals to consider the appeal on the merits.
On July 2, 1996, the trial court entered an interlocutory default judgment against Keith and in favor of J. A. Moone and Sandra G. Moone, setting a hearing in August to determine damages. Before the date on which the hearing was set, Keith moved to set aside the default judgment. On August 16, 1996, the court denied Keith's motion to set aside the default *Page 1020 
judgment and entered a judgment awarding damages to the Moones. The judgment thus became final on August 16. See Maddox v. Hunt, 281 Ala. 335,202 So.2d 543 (1967) (once the trial court assesses damages on a default judgment, the judgment becomes final). Thirty-two days later, on September 17, 1996, Keith filed a "motion for rehearing" (hereinafter referred to as "the 1996 postjudgment motion"), in which he asserted that he had been incompetent at the time the default judgment was entered against him and in which he attacked the judgment as being void as a matter of law.
Several months later, the Moones filed what they entitled a "Motion to Finalize Judgment and Release Funds Held by Clerk." In their motion, they stated that Keith's 1996 postjudgment motion had been filed on September 12 [sic], 1996; that it had been denied on December 11, 1996, by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P.; and that more than 42 days had passed since the motion had been denied. The Moones' assertion as to the timeliness of Keith's 1996 postjudgment motion apparently was founded on the erroneous assumption that the motion had been filed on the date stated in the certificate of service, which date preceded the expiration of the 30-day period in which a party can file a motion to set aside a default judgment. See Rule 55(c), Ala.R.Civ.P. In fact, the record reflects that Keith's motion was filed on September 17, several days after the date shown on the certificate of service, and, therefore, that it was untimely. Rule 55(c) requires that a motion to set aside a default judgment be filed, not merely served, within 30 days of the entry of the judgment. Cf. City of Talladega v. McRae, 375 So.2d 429
(Ala. 1979) (time for appeal not suspended when a Rule 59 motion was served, but not filed, within 30 days). On February 21, 1997, the trial court entered what it styled a "Final Order," in which it authorized the circuit clerk to release certain funds to the Moones and ordered that the case be closed. In that order, the trial court stated that the Moones' motion was "well-taken in that the time has elapsed for postjudgment motions and any appeals . . . ."
Keith then filed a motion requesting the trial court to set aside its order of February 21 (hereinafter referred to as "the 1997 postjudgment motion"), again asserting that he had been incompetent and claiming that he had not received notice of the Moones' motion. Keith later amended the 1997 postjudgment motion to describe it as a motion "pursuant to Rule 60(b)[, Ala. R. Civ. P.]." Thereafter, on April 21, 1997, the trial court entered an order treating Keith's 1997 postjudgment motion as one made pursuant to Rule 60(b)(4) and denying it. Keith appealed from the "[d]enial of [the] Rule 60(b) motion, as amended." His appeal was filed within 42 days of the trial court's April 21 order. After the Court of Civil Appeals dismissed his appeal, we granted Keith's petition for certiorari review. See the opinion of the Court of Civil Appeals for a more detailed exposition of the course of proceedings.
The Court of Civil Appeals correctly determined that Keith's 1996 postjudgment motion, filed 32 days after the final judgment was entered on August 16, 1996, could not be deemed a timely Rule 55(c) motion to set aside a default judgment. Then, the court determined that Keith's 1996 postjudgment motion could be construed as a Rule 60(b)(4) motion for relief from the judgment. We agree that Keith's motion properly can be considered a Rule 60(b)(4) motion. Rule 55(c) provides that a court may not enter a default judgment against an incompetent person; Rule 60(b)(4) allows a party to seek relief from a void judgment. As a Rule 60(b)(4) motion, Keith's motion was timely filed. Rule 60(b) requires only that a motion made pursuant to subsection (4) be filed "within a reasonable time." The Court of Civil Appeals observed that such a motion does not extend or toll the time for an appeal from a final judgment. The court *Page 1021 
calculated the expiration of the time for appeal from the final judgment, and noted that Keith did not appeal within that time. Nevertheless, a party may appeal the denial of a Rule 60(b) motion, but the scope of appellate review is limited to the correctness of the denial of the Rule 60(b) motion, and not the correctness of the underlying judgment. Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826
(Ala. 1991).
Treating Keith's 1996 postjudgment motion as a Rule 60(b)(4) motion, the Court of Civil Appeals observed that motions made pursuant to Rule 60(b) are not subject to the provisions of Rule 59.1, under which motions made pursuant to Rules 50, 52, 55, and 59 (but not Rule 60) are deemed denied by operation of law after they have been pending for 90 days. Hence, the court correctly concluded that Keith's motion remained pending on February 21, 1997, the date on which the trial court entered the order in which it erroneously recited that the time had elapsed for postjudgment motions and any appeals therefrom.
Although we agree with the Court of Civil Appeals' reasoning to this point, we disagree with its conclusion that the trial court's February 1997 order denied Keith's pending Rule 60(b)(4) motion. According to the Court of Civil Appeals, Keith argued that his "motion to set aside" filed on February 25, as later amended, should be construed as a "motion to reconsider" the trial court's denial of his Rule 60(b) motion. Relying on Ex parte Dowling, 477 So.2d 400 (Ala. 1985), the Court of Civil Appeals concluded that the trial court "could not reconsider the same post-trial motion," 771 So.2d at 1018, and that Keith could not use a subsequent post- trial motion to extend the time for appeal. In Dowling, this Court stated that "[i]n the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial." 477 So.2d at 404. The Court of Civil Appeals dismissed Keith's appeal because it was not filed within 42 days of either the August 1996 final judgment or the trial court's February 1997 order.
In his petition for a writ of certiorari, Keith argues that the Court of Civil Appeals' dismissal of his appeal conflicts with prior decisions of that court holding that a Rule 60(b) motion "can be subject to a posttrial motion to `reconsider' which would toll the time for appeal." Vaughan v. Vaughan, 539 So.2d 1058, 1059 (Ala.Civ.App. 1988), writ denied, Ex parte Vaughan, 539 So.2d 1060 (Ala. 1989). See also Cockrell v. World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977); Alexander v. Washington, 707 So.2d 254 (Ala.Civ.App. 1997); Williams v. Curry,455 So.2d 43 (Ala.Civ.App. 1984); Havel v. Dawkins, 412 So.2d 800
(Ala.Civ.App. 1982); Graham v. University Credit Union, 411 So.2d 144
(Ala.Civ.App. 1982).
The rule stated by this Court in Dowling arose in the context of postjudgment motions made pursuant to rules other than Rule 60. The Court of Civil Appeals noted that distinction in Vaughan, 539 So.2d at 1059, but concluded that an appeal filed within 42 days of the denial of a "motion to reconsider" the denial of a Rule 60(b) motion was timely. In Ex parte Vaughan, even though this Court denied the petition for a writ of certiorari on other grounds, it expressly rejected that portion of the opinion of the Court of Civil Appeals finding the appeal timely:
 "A trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), A.R.Civ.P., motion. See Ex parte Dowling, 477 So.2d 400
(Ala. 1985). Consequently, the Alabama Rules of Appellate Procedure do not suspend the running of the time for filing a notice of appeal during the pendency of a motion to reconsider the denial of a Rule 60(b) motion."
539 So.2d at 1061. We note that in Alexander, the Court of Civil Appeals relied on its decision in Vaughan v. Vaughan to find a similar appeal to have been timely. *Page 1022 
That decision overlooked our repudiation in Ex parte Vaughan of the court's rationale in Vaughan v. Vaughan.
We clarify the rule: After a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to "reconsider" or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal. We note, as the Court of Civil Appeals has done on several occasions, that the Alabama Rules of Civil Procedure do not contain any provision for a "motion to reconsider" a ruling on a Rule 60(b) motion. To the extent that Cockrell v. World's Finest Chocolate Co., Alexander v. Washington, Vaughan v. Vaughan, Williams v. Curry, Havel v. Dawkins, and Graham v. University Credit Union hold otherwise, they are hereby overruled.
Our clarification of the law regarding postjudgment motion practice does not, however, assist us in deciding whether Keith's appeal in this case was timely. Keith's notice of appeal was filed too late only if the trial court's February 1997 order can be construed as a denial of his 1996 postjudgment motion. The trial court's treatment of that pending motion in its February 1997 order is based on the previously noted inaccurate assumption that Rule 59.1 was applicable to the pending motion. The trial court, apparently relying on the Moones' erroneous assertions in their motion, deferred to what it thought had been a denial by operation of law of a timely Rule 55(c) motion. Because of that error, the trial court did not at that time deny or otherwise rule on the merits of the pending motion, which can be construed only as a Rule 60(b)(4) motion.
Because the trial court never ruled on Keith's Rule 60(b)(4) motion until the entry of the April 1997 order from which this appeal was taken, we deem the appeal to be timely. When the court entered its February 1997 order, Keith would have been entitled to petition for a writ of mandamus, but he did not then have a right to appeal from the trial court's erroneous conclusion that the motion had been denied by operation of law and that that denial had cut off the court's jurisdiction to act on the motion. The first, and only, time the trial court acted upon Keith's Rule 60(b)(4) motion was when it entered its April 1997 order, from which Keith appealed within 42 days. Keith is entitled to have that order reviewed on the merits.
We reverse the judgment of the Court of Civil Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Almon, Shores, Houston, Kennedy, Cook, and See, JJ., concur.