THOMAS, Judge.
This is the second time the parties have been before this court. See Vardaman v. Vardaman, 167 So.3d 342 (Ala.Civ.App.2014). In Vardaman, William P. Varda-man (“the husband”) appealed from a judgment of the Jefferson Circuit Court (“the trial court”) divorcing him from Carol A. Vardaman (“the wife”) and dividing the parties’ marital property. This court affirmed the trial court’s determination of the parties’ separate property and the trial court’s division of the marital property. Id. at 352. However, this court reversed the portion of the trial court’s judgment awarding attorney fees and expert-witness fees to the wife and remanded the cause with instructions. Id. The certificate of judgment was issued by this court on November 25, 2014.
The record in the present appeal indicates that, after a hearing, the trial court entered a judgment on December 23, 2014, amending its previous judgment and determining that each party would be responsible for the payment of his or her attorney fees and expert-witness fees. On January 21, 2015, the wife filed a motion to alter, amend, or vacate the amended judgment. The husband filed a response on March 23, 2015, urging the trial court to “maintain” the amended judgment and asserting that the wife had misled the trial court during the divorce proceedings, specifically regarding two.pieces of real property that the trial court had determined were the wife’s separate property. The trial court denied the wife’s postjudgment motion on April 6, 2015; the wife has not appealed the trial court’s amended judgment.[1]
On April 9, 2015, the husband filed a motion' pursuant to Rule 60(b), Ala. R. Civ. P. (“the first Rule 60(b) motion”), styled'as an “amended” Rule 60(b) motion, asserting that the division of the marital assets was inequitable, asserting that the wife had misled thé court, and asking the trial court to amend its December 10, 2013, divorce judgment and its' December 23, 2014, amended judgment. The trial court denied the first Rule 60(b) motion on April 12, 2015,[2] The husband filed a second *115 motion pursuant to Rule 60(b) (“the second Rule 60(b) motion”) on June 1, 2015, making essentially the same arguments as he had in the first Rule 60(b) motion. After a hearing, which the husband did not attend, the trial court denied' the second Rule 60(b) motion on August 28, 2015, stating in its order that the husband’s second Rule 60(b) motion had been untimely filed. On September 1, 2015, the husband filed yet another motion, styled as an amended Rule 60(b) motion (“the third Rule 60(b) motion”); however, in that motion the husband merely apologized for his absence at the hearing on the second Rule 60(b). motion.
Subsequently, on September 8, 2015, the husband again filed an amended Rule 60(b) motion (“the fourth Rule 60(b) motion”) requesting that the trial court schedule a hearing for the husband to present what he characterized as new evidence of the wife’s misrepresentation to the court. Even though the trial court entered an order on September 14, 2015, setting a hearing for September 28, 2015, the husband filed a fifth Rule 60(b) motion on September 21, 2015, which was essentially identical to the fourth Rule 60(b) motion. The wife filed a response to the husband’s Rule 60(b) motions on September 22, 2015, asserting that the motions had been untimely filed and were an inappropriate substitute for an appeal. The husband filed a final motion on October 6, 2015, seeking relief pursuant to Rule 60(b) and, purportedly, Rule 43(c), Ala. R. Civ. P., to enter newly discovered evidence. After a hearing, the trial court entered an order on October 8, 2015, summarily denying the husband’s third, fourth, fifth, and and sixth Rule 60(b) motions. The husband filed a notice of appeal to this court on October 16, 2015.
The husband’s pro se appellaté brief is less than a model of clarity. It appears that he continues to attack the division of marital property in the underlying divorce judgment and to assert that, after the divorce judgment was entered, he discovered. new evidence indicating that 'the wife had misled the trial court during the divorce trial. Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ¡(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or. discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from- the operation of the judgment. The motion shall be made within a reasonable time, and for' reasons (1), (2), and (3) not more than four (¾) months after the judgment, order, or proceeding was entered or taken.”
(Emphasis added.)
The record reveals that the trial court entered its order amending the- divorce judgment on December 23, 2014. The husband filed the first Rule 60(b) mo *116 tion on April 9, 2015, which the trial court denied on April 12, 2015. The remaining Rule 60(b) motions filed by the husband were either duplicative motions reciting the same argument or merely statements to the trial court, i.e., apologies for failing to appear at trial.[3]
“Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b)[, Ala. R. Civ. P.,] where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith 771 So.2d 1018 (Ala.1998), ‘[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’).”
Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005).
Once the trial court denied the first Rule 60(b) motion, the trial court lost jurisdiction to rule on any successive Rule 60(b) motion based upon the same grounds. Therefore, the trial court’s August 28, 2015, and October 8, 2015, orders were void and incapable of supporting an appeal. See Pinkerton, supra. Although the husband could have filed a notice of appeal from the April 12, 2015, order, he failed to do so within the 42 days required by Rule 4, Ala. R.App. P.; therefore, he has exhausted his remedies under Rule 60(b).
The husband has failed to file a timely appeal from an order of the trial court capable of supporting an appeal. For that reason, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The trial court did not reference the husband’s response in the April 6, 2015, order.

. . April 12, 2015, was a Sunday; however, the State Judicial Information System case-ac *115 tion-summaiy sheet confirms that that was the date on which the trial court entered the order. :

. To the extent that the husband attempted file a motion pursuant to Rule 43(c), Ala. R. Civ. P., we note that subsection (c) of Rule 43 no longer exists. See Rule 43, Ala. R. Civ. P., Committee Comments to January 1, 1996, Amendment.