THOMPSON, Presiding Judge.
C.L. Smith Auto Sales, LLC, and Leisa Smith ("the defendants") appeal from an order of default the Autauga Circuit Court ("the trial court") entered against them and a subsequent judgment ordering them to pay damages to David Bulger, Inc. ("Bulger"), in the amount of $59,847.37. The defendants appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The record indicates the following. Bulger filed a complaint against the defendants on September 6, 2013, in the Montgomery Circuit Court. On November 18, 2014, the action was transferred to the trial court "due to the defendant's residency." On February 17, 2016, the trial court entered a scheduling order setting the cause for trial on October 24, 2016, and ordering the parties to mediate in good faith before the scheduled trial date. The February 17, 2016, scheduling order also set a pretrial conference for October 11, 2016.
On April 15, 2016, before the mediation, the attorney for the defendants filed a motion to withdraw at the defendants' request. The trial court granted the motion on April 19, 2016. The parties unsuccessfully mediated the cause as scheduled on April 27, with the defendants appearing pro se.[1] On October 15, 2016, the trial court entered an order of default against the defendants. In that order, the trial court explained that, when the case was called for the pretrial conference on October 11, 2016, Bulger was present with counsel but the defendants were not present and no attorney appeared on their behalf. The trial court then stated:
"The foregoing being considered by the Court, it is ORDERED as follows:
"1. That Default is entered in favor of [Bulger] and against the Defendant[s], and testimony on the issue of damages shall be taken before the Court at 9:00 a.m. on November 21, 2016."
The defendants' former attorney reentered the case on November 18, 2016. That same day, the defendants filed a motion to set aside the October 15, 2016, order or, in the alternative, to alter, amend, or vacate the "judgment" on the ground that the default was improperly entered as a sanction against the defendants for what they claimed was the "unintentional failure to attend" the pretrial conference. Apparently, the trial court did not conduct the damages hearing on November 21, 2016. On March 5, 2017, Bulger filed in the trial court a response to the defendants' motion. As part of its response, Bulger sought to dismiss the defendants' motion as being untimely filed. On March 6, 2017, after a hearing, the trial court denied the defendants' November 18, 2016, motion.
On May 4, 2017, the trial court held an evidentiary hearing on the issue of damages.
*284 On May 9, 2017, the trial court entered a final judgment directing the defendants to pay Bulger $59,847.37 in damages. On June 8, 2017, the defendants filed a timely "verified motion to alter, amend, or vacate or in the alternative, for a new trial," challenging both the award of damages and the entry of the default judgment and seeking a trial on the merits. The postjudgment motion was denied by operation of law on September 6, 2017. The defendants filed their notice of appeal on September 8, 2017.
Before addressing the merits of the defendants' arguments on appeal, we first address Bulger's contention, made both before the trial court and in its brief on appeal, that the defendants' motion to set aside the October 15, 2016, order of default or, in the alternative, to alter, amend, or vacate that order was untimely. In its appellate brief, Bulger argues that the defendants' motion was not filed within 30 days of the date the trial court entered the October 15, 2016, order. Therefore, Bulger argues, the "postjudgment" motion was untimely.
Bulger's argument is not persuasive in light of authority to the contrary. This court's research has revealed no authority to support Bulger's proposition that the motion to set aside the order of default had to be filed within 30 days of its entry. Instead, Rule 55(c), Ala. R. Civ. P., provides that, "[i]n its discretion, the court may set aside an entry of default at anytime before judgment." In discussing Rule 55(c), our supreme court has held:
" 'A judgment by default with leave to prove damages is interlocutory and can be set aside at any time until entry of judgment on assessment of damages. It then becomes a final judgment.' Maddox v. Hunt, 281 Ala. 335, 339, 202 So.2d 543, 545 (1967). 'A default judgment that reserves the assessment of damages is interlocutory and may be set aside at any time; once the trial court assesses damages on the default judgment, the judgment becomes final. Rule 55(c), Ala. R. Civ. P.; Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543 (1967).' Keith v. Moone, 771 So.2d 1014, 1017 (Ala. Civ. App. 1997), rev'd on other grounds, Ex parte Keith, [771 So.2d 1018 (Ala. 1998) ]."
Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 896 (Ala. 2005) (emphasis added).
In this case, the defendants' motion to set aside the order of default was submitted months before the trial court entered its final judgment assessing damages. At the time the motion was filed, the October 15, 2016, order remained interlocutory. Within 30 days after the final judgment awarding damages was entered, the defendants filed another motion to alter, amend, or vacate the final judgment in which they challenged the entry of the default judgment, among other things. Therefore, the defendants' motions were not untimely filed, see Rule 55(c) and Rule 59(b), Ala. R. Civ. P., and we will proceed to the merits of the appeal.
The defendants assert that the trial court abused its discretion in entering a default judgment against them as a sanction for their failure to attend the October 11, 2016, pretrial conference. Entering a default judgment as a sanction for a party's failure to obey a scheduling order or a pretrial order is governed by Rule 16(f), Ala. R. Civ. P., which provides that,
"[i]f a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or a party's attorney is substantially unprepared to participate in the conference, or if a party or a *285 party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and, among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."
Rule 37(b)(2), Ala. R. Civ. P., provides for sanctions when a party fails to comply with a court's discovery orders. That rule reads in pertinent part:
"Sanctions by Court in Which Action Is Pending. If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, [Ala. R. Civ. P.,] the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"....
"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
"(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
"....
"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."
In Brown v. Brown, 896 So.2d 573 (Ala. Civ. App. 2004), this court addressed what a trial court should consider before entering an order of dismissal, pursuant to Rule 16(f), based on a failure to comply with a scheduling order:
"Generally, trial courts are given broad discretion to determine appropriate sanctions under Rule 37(b)(2). Ex parte Sears, Roebuck & Co., 882 So.2d 326, 328 (Ala. 2003). Rule 16(f) permits a trial court facing a situation involving, among other things, a party's failure to appear at a pretrial conference to 'make such orders with regard thereto as are just.' Thus, we conclude that the trial court's decision to impose sanctions under Rule 16(f) would likewise be a matter of considerable discretion.
"However, a trial court's discretion under Rule 37(b)(2) is not unfettered. '[A] trial court in a discovery-abuse case must impose a sanction proportionate to and compensatory of the particular discovery abuse committed.' Ex parte Seaman Timber Co., 850 So.2d 246, 258 (Ala. 2002). Likewise, a trial court considering an appropriate sanction under Rule 16(f) should do no less than consider whether a sanction is proportionate to the offense committed by the offending party....
*286 "As our supreme court has said: 'We recognize that the sanction of dismissal is the most severe sanction that a court may apply. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction.' Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala. 1989) (citations omitted). '[D]ismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal.' Weatherly v. Baptist Med. Ctr., 392 So.2d 832, 837 (Ala. 1981)."
896 So.2d at 575.
In an appeal from a judgment dismissing a parties' claims as a sanction under Rule 37(b), this court wrote the following:
"The Alabama Supreme Court has stated that, for a trial court to enter an order dismissing a party's action or to enter a default judgment against a party,
" '[t]he [party's] conduct must mandate dismissal. We have held that "willfulness" on the part of the noncomplying party is a key factor supporting a dismissal. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is justified and should not be disturbed.'
" Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala. 1989) (citations omitted).
" ' "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Bd. of Educ., 365 So.2d [659] at 661 [ (Ala. 1978) ].See, e.g., Boazman v. Econ. Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976) ; Pond v. Braniff Airways[, Inc. ], 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). 'Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct."
" ' Selby v. Money, 403 So.2d 218, 220-21 (Ala. 1981) ; see also Burton v. Allen, 628 So.2d 814, 815 (Ala. Civ. App. 1993).'
" HICA Educ. Loan Corp. v. Fielding, 953 So.2d 1261, 1263 (Ala. Civ. App. 2006). Thus, in order to dismiss Smith's action and to enter a judgment in favor of Davidson on his claims, the trial court must have had evidence from which it could infer that Smith's failure to comply with Davidson's discovery requests and the trial court's orders was the result of Smith's conscious or intentional failure to act, not his accidental or involuntary noncompliance."
Smith v. Davidson, 58 So.3d 177, 181-82 (Ala. Civ. App. 2010).
In Gill v. Cobern, 36 So.3d 31, 33 (Ala. 2009), our supreme court reversed a trial court's judgment dismissing an action for want of prosecution when the plaintiffs' attorney failed to appear at a pretrial conference. As in this case, the motion to alter, amend, or vacate that judgment and to reinstate the action was denied by operation of law. In reversing the dismissal, our supreme court analogized the circumstances to an involuntary dismissal of a plaintiff's action for failure to prosecute, explaining:
"In Cabaniss v. Wilson, 501 So.2d 1177 (Ala. 1986), the plaintiffs' attorney failed to appear at a hearing on a motion for a summary judgment. At the hearing, counsel for the defendants orally moved to dismiss the plaintiffs' complaint with *287 prejudice under Rule 41(b), Ala. R. Civ. P., for failure to prosecute. The trial court granted the defendants' Rule 41(b) motion, dismissing the plaintiffs' complaint with prejudice. Subsequently, the plaintiffs filed a motion to alter, amend, or vacate the judgment, claiming that the summary-judgment hearing was 'inadvertently left off the calendar of plaintiffs' counsel....' 501 So.2d at 1179. The trial court denied the plaintiffs' motion, and the plaintiffs appealed. 501 So.2d at 1179-80.
"Applying the well established rules concerning the review of a trial court's dismissal with prejudice of a plaintiff's claims, this Court held that the conduct of the plaintiffs' attorney did not appear to be willful or contumacious because 'the failure of the plaintiffs' attorney to appear in court [at the hearing on the summary-judgment motion] was allegedly inadvertent on his part.' 501 So.2d at 1181. Because there was no evidence to support the trial court's dismissal with prejudice, this Court reversed its order dismissing the plaintiffs' claims and remanded the cause for further proceedings.
"As was the case in Cabaniss, the record here does not reveal the presence of 'extreme circumstances' sufficient to warrant the 'harsh sanction' of a dismissal with prejudice. See Selby v. Money, 403 So.2d 218, 220 (Ala. 1981). Although Cobern argues on appeal that many other factors could have affected the trial court's ultimate decision to dismiss Gill's action with prejudice, the record clearly indicates that the trial court dismissed Gill's action on the sole basis that Gill's attorney did not appear at the pretrial conference."
36 So.3d at 33.
In this case, as in Gill, the trial court's default judgment indicates that it was entered against the defendants solely because of their failure to appear at the October 11, 2016, pretrial conference. Although the record indicates that Leisa Smith contacted Bulger's attorney the day before the pretrial conference was scheduled to say that she intended to be present at the trial that had been scheduled for October 24, 2016, there is no evidence in the record to support a determination that the defendants' failure to attend the pretrial conference was a "conscious or intentional failure to act." Smith v. Davidson, 58 So.3d at 182. Based on our review of the record, we find no clear record of delay, willful default, or contumacious conduct by the defendants. Id. at 181. In other words, we find no evidence that the defendants' failure to attend the pretrial conference constitutes the " 'extreme circumstances' " that warrant the " 'harsh sanction' " of a default judgment against them. Gill, 36 So.3d at 33. Accordingly, we conclude that the trial court abused its discretion in entering the default judgment against the defendants, and that judgment is therefore due to be reversed.
For the reasons set forth above, the judgment of the trial court is reversed. The cause is remanded for the trial court to reinstate the proceedings against the defendants.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

There is nothing in the record to indicate that Leisa Smith is an attorney licensed to practice in Alabama. Therefore, she could not properly represent C.L. Smith Auto Sales, LLC, during the mediation. See Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ. App. 1997). The parties did not address this concern before the trial court or in their appellate briefs.