PER CURIAM.
Keenan Kester Cofield appeals defendant Morris Thigpen’s summary judgment and the subsequent denial of Cofield’s motion to set aside that summary judgment. This action was brought against the commissioner of the Alabama Department of Corrections (“Corrections”), Morris Thigpen, alleging that Thigpen defamed Cofield by falsely charging or imputing to him the commission of a crime for which he could be subjected to prosecution and punishment.
*216 Cofield is an inmate at the West Jefferson Correctional Facility in Jefferson County, Alabama, serving time for various offenses. On February 11, 1987, the Governor’s Office received a telephone call threatening the life of Governor Guy Hunt. An investigation conducted by the Alabama Bureau of Investigation (“ABI”) indicated that the threatening telephone call had originated from within the West Jefferson Correctional Facility. Investigators for the ABI and Corrections gathered information, which linked Cofield to the telephone call placed to the Governor's Office. A due process hearing ensued, and as a result Cofield was placed in “lock-up” or segregation by Corrections.
On April 16, 1987, Thigpen informed Co-field by letter of the reasons that he was placed in “lock-up,” stating that “Department of Corrections officials are taking measures that they deem appropriate to deal with a threat to the highest officer in the State of Alabama.”
On April 21, 1987, Cofield sued Governor Hunt and Thigpen, as prison commissioner, alleging that Thigpen’s letter of April 16, 1987, maliciously, purposely, knowingly, willingly, negligently, with malice, and without proper reasonable cause, made a false statement and accusation imputing to Cofield the commission of a crime or indictable offense. Subsequently, Governor Hunt was dismissed on Cofield’s motion, and then Thigpen’s summary judgment motion, supported by an Alabama State Department of Corrections memorandum, was granted.
On appeal, Cofield presents two arguments for reversing the summary judgment. First, he argues that the trial court erred in that it failed to give him the ten days’ notice contemplated by Ala.R.Civ.P., Rule 56(c). Second, he argues that the summary judgment was improper because, he says, none of the exhibits submitted in support of Thigpen’s summary judgment motion met the requirements of Rule 56(e).
Addressing Cofield’s first contention, we rely on the case of Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala. 1984), which deals with the failure to comply with the notice requirement of Rule 56(c):
“Brown argues on appeal that the trial court’s rulings violate the notice requirements of A.R.Civ.P! 12(b) and 56(c). It is true that failure to comply with the ten-day notice requirement articulated in A.R.Civ.P. 56(c) denies the opposing party an opportunity to present error. It is equally true, however, that an objection for failure to comply with the provisions of A.R.Civ.P. 56(c) may not be raised for the first time on appeal. We note that the record is devoid of any objection concerning the Rule 56(c) notice requirement. Accordingly, Brown may not now complain on appeal.”
454 So.2d at 1371.
Such is the case here. After a thorough review of the record, we note that it is, likewise, devoid of any objection concerning the Rule 56(c) notice requirement. Therefore, Cofield’s first allegation of error must fail.
Cofield’s second argument is misplaced. Rule 56(e) states, in pertinent part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
No affidavits were submitted in support of Thigpen’s summary judgment motion. Summary judgment was based on business records which could have been held admissible at trial. Therefore, the requirements set out in Rule 56(e) are inapplicable. We hold, then, that Cofield’s second contention of error must also fail.
Thigpen’s summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.