This is an appeal from a summary judgment entered in favor of Chrysler Corporation and Roebuck Chrysler-Plymouth, Inc. (hereinafter collectively referred to as "Chrysler"). We affirm.
The complaint alleges that on December 3, 1984, James W. Hall was involved in a one-vehicle accident on highway 1-59. He alleges that he was thereafter taken to a hospital by a Good Samaritan, whose name he does not know. He admits that no accident report was filed with the police department; nevertheless, he contends that he now experiences back pain, numbness, paralysis, and bowel and bladder problems, and that these problems are a result of the accident, which he claims was caused when the left control arm on the front left wheel of his 1978 Chrysler New Yorker automobile broke. He says that the failure of the control arm caused him to skid to a stop and bump his head. Mr. Hall asserts that this control arm was defective.
From the record it appears that Mr. Hall was hospitalized from December 3, 1984, until December 19, 1984. While there, he received treatment for bowel and bladder problems, and the doctors theorized that the cause of his problems was a stroke or a nerve infection. There is further evidence from the record that one week prior to the accident Mr. Hall had hurt his back while reaching for a telephone at work. In moving for summary judgment, Chrysler argued that "[t]he medical records and records of Rust International [Hall's former employer] consistently attribute [Hall's] illness to a pre-existing history of numbness that recurred as a result of a work-related injury in November 1984." It is clear to us, after reviewing letters from Mr. Hall to some of the doctors who treated him for his condition, as well as his deposition and the other evidence in the record, that the trial court did not err in entering summary judgment. The only evidence of an "accident" is Hall's claim that one occurred; that claim is not supported by any other evidence, be it by doctors' evaluations or by accident reports. In fact, in a letter to a doctor who refused to furnish a statement for him, Hall made the following statements:
 "I feel that you can understand that unless you will at least furnish a statement *Page 100 
that the accident either probably caused or could have caused my health problems, it is useless for me to contact the car manufacturer again as they will pay nothing toward my medical bills. As you are aware this would be a tax write off to the car manufacturer."
Mere speculation or allegations without supporting evidence will not withstand a motion for summary judgment. SeeSprayberry v. First National Bank, 465 So.2d 1111, 1114 (Ala. 1984).
As for Hall's claim that he was given only eight days' notice before the hearing on the motion for summary judgment, rather than the 10 days required by Rule 56(c), A.R.Civ.P., we note that he raises this on appeal for the first time; therefore, he is deemed to have waived any claim in this regard. Cofield v.Thigpen, 533 So.2d 215, 216 (Ala. 1988).
For the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.