STEAGALL, Justice.
Lisa M. Gibson and her husband Wade Gibson sued John Cunningham and Auto Care Center, Inc. (hereinafter collectively-referred to as “Cunningham”), and Jack Stokes and Stokes Auto Parts (hereinafter collectively referred to as “Stokes”), alleging the conversion of Mrs. Gibson’s automobile and certain personal property. The Gibsons claim that they engaged Cunningham and Stokes to repair the car; that they retrieved the car from Cunningham after it was repaired, but that they disputed the amount of the bill; and that because the Gibsons did not pay the bill, Cunningham and Stokes unlawfully “repossessed” the vehicle and Mrs. Gibson’s belongings contained therein. The Gibsons sought compensatory and punitive damages, as well as the return of the automobile, by the process of writ of seizure.
Cunningham appeared with counsel at the hearing on the application for a writ of seizure; Stokes did not appear. The trial court granted the writ of seizure; thereafter, Cunningham answered the Gibsons’ conversion claim and counterclaimed for damages based on fraud and breach of contract. Stokes did not respond to the complaint. Neither Cunningham nor Stokes appeared at the hearing on the Gib-sons’ complaint or at the subsequent hearing on the issue of damages. The trial court entered a default judgment against Cunningham and Stokes, awarding the Gib-sons $7500 in compensatory damages and $10,000 in punitive damages. Cunningham filed a motion to set aside the default judgment; the trial court denied this motion after a hearing upon the evidence. Cunningham appeals.[1]
The sole issue is whether the trial court erred in failing to set aside the default judgment. Although it is left to the trial court’s discretion whether to set aside a default judgment under Rule 55(c), A.R.Civ.P., the interest in preserving a litigant’s right to a trial on the merits is paramount; accordingly, the court should exercise its discretion liberally in favor of setting aside default judgments. Fries Correctional Equip., Inc. v. Con-Tech, Inc., 559 So.2d 557 (Ala.1990). In exercising its discretion, the trial court must first determine whether the defendant has a meritorious defense to the claims against him. Hannah v. Blackwell, 567 So.2d 1276 (Ala.1990). To meet the meritorious defense element, a plaintiff need not satisfy the trial court that he would necessarily prevail at trial, only that he is prepared to present a plausible defense, based on a definite presentation of facts. Storage Equities, Inc. v. Kidd, 579 So.2d 605 (Ala.1991).
We note that the defenses set out in Cunningham’s answer to the complaint were merely legal conclusions, not supported by specific facts. At the hearing on the motion for a writ of seizure, however, both Mrs. Gibson and John Cunningham testified that John Cunningham did not take the Gibsons’ vehicle himself; if proven, this fact could constitute a plausible defense for John Cunningham, individually, on the claim of conversion. John Cunningham also testified at that proceeding that he informed the Gibsons they could not retrieve their automobile from him until they had paid for the repairs; based on this, John Cunningham alleges that Auto Care Center held a common law mechanic’s lien on the vehicle, that the lien had not been released, and that the lien would be a defense against the Gibsons’ allegations in regard to Auto Care Center. Moreover, in his counterclaim against the Gibsons, John Cunningham sets out specific facts to support his allegations. In view of these facts and the testimony presented at the hearing, we hold that the meritorious defense element was met here.
The second element to be met is a showing that the Gibsons will not be unfairly prejudiced if the default judgment is set aside; prejudice that will prevent the setting aside of a default judgment must be substantial, and mere delay in the recovery on the claim is not sufficient prejudice to warrant the denial of a motion to set aside a default judgment. Fries Correc *1344 tional Equip. The Gibsons have recovered their vehicle, and there is no indication that any witnesses or evidence will be unavailable for trial. The record reveals no potential prejudice to the Gibsons other than a delay in recovering on their claims or the possibility that they will not succeed on the merits of their claims. This is not sufficient to justify a refusal to set aside the default judgment. Fries Correctional Equip. Accordingly, the second element is met.
The final factor to be considered is whether the default judgment was a result of Cunningham’s own culpable conduct. The evidence shows that notice of the trial was sent from the trial court to Cunningham’s attorney. The attorney failed to inform Cunningham of the trial date and did not appear himself because he was receiving in-patient treatment for alcoholism during that period of time.[2] We conclude that the default judgment did not result from Cunningham’s own culpable conduct.
Considering the evidence as to all three factors, we hold that the trial court abused its discretion in failing to set aside the default judgment. The trial court’s judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.

. Stokes does not appeal from the judgment.

. Cunningham retained new counsel for this appeal.