DONALDSON, Judge.
On March 1, 2013, Linda A. Miller and Laymon Miller filed a complaint in the Mobile Circuit Court (“the trial court”) against Alfa Auto Sales, L.L.C., Alfa Automotive, L.L.C., Moe A1 Sheikh, and Jamal Alshaikh (hereinafter referred to collectively as “the Alfa defendants”), and American Credit Acceptance, L.L.C. (“American Credit”). In the complaint, the Millers alleged, among other things, that they had negotiated with Alshaikh, a salesperson employed by Alfa Auto Sales, L.L.C., and Alfa Automotive, L.L.C., for the purchase of a used automobile. The Millers claimed that they had agreed with Alshaikh to an interest rate of 5% for the unpaid balance of the purchase price for the car; however, the Millers claimed that Alshaikh had “induced” them to sign a contract obligating them to pay 21% interest on the unpaid balance. The Millers claimed that, when they raised the issue of the different interest rate, the Alfa defendants gave them a memo that stated: “Attention: the interest rate will be changed to 5%, per [Al-shaikh], in reference to their contract with us/Alfa.” The Alfa defendants later transferred the financing documents containing the 21% interest rate to American Credit. American Credit later transferred the financing documents back to one of the Alfa defendants. The Millers claimed that the Alfa defendants later repossessed the car and took possession of items of personal property belonging to the Millers. The Millers also alleged that American Credit had engaged in wrongful conduct regarding the collection of payments. The Millers sought compensatory and punitive damages against the Alfa defendants for *906 conversion and wrongful repossession, and they sought compensatory and punitive damages against the Alfa defendants and American Credit for fraud. The Millers also sought a judgment declaring that there, were no valid liens on the car and for a return of the payments they had made for the car. The complaint did not contain a jury demand.
Alfa Auto Sales, L.L.C., Alfa Automotive, L.L.C., and Moe A1 Sheikh were each served with a summons and a copy of the complaint on March 2, 2013. Jamal Al-shaikh was served with a summons and a copy of the complaint on March 4, 2013. On April 8, 2013, the Millers moved for an entry of default against the Alfa defendants pursuant to Rule 55(a), Ala. R. Civ. P. On April 9, 2013, the trial court entered a default against the Alfa defendants and set a hearing for the Millers to prove damages for June 7, 2013. On April 22, 2013, American Credit filed an answer, asserting numerous .affirmative defenses.
On May 19, 2013, the Alfa defendants filed a motion through counsel to set aside the April 9, 2013, entry of default. Although the motion referred to a default judgment, no judgment had been entered. In the motion, the Alfa defendants claimed, among other things, that they had a meritorious defense to the claims asserted in the complaint because, they asserted, Linda Miller had voluntarily entered into the agreement for a 21% interest rate and the documents signed by Linda Miller authorized the repossession of the car.[1] Specifically, the motion stated:
“[The Alfa defendants] expect to defend this case on the grounds that Plaintiff voluntarily entered the sales agreement and that the terms of the agreement were readily available for her review before agreeing to and signing the contract. Based upon the documents Plaintiff attached to her Complaint, [the Alfa defendants] have a meritorious defense to this Complaint.”
The Alfa defendants asserted that, to set aside the entry of default, they were not required to prove that they would prevail at trial, but only that they were “prepared to present a plausible defense.”
The Alfa defendants also claimed in the motion that the Millers would not be prejudiced if the entry of default was set aside, stating:
“[Between the date of service and the entry of default, the Alfa defendants] and Plaintiff were communicating in an attempt to resolve the dispute. Upon information and belief, all of the relevant witnesses are still in Mobile County, in good health, and available to testify. There is no piece of evidence that is subject to rot or decay or disappearing at any time, in short, there is no possible prejudice that Plaintiff may suffer as a result of this Court setting aside the Default Judgment it entered.”
The Alfa defendants also addressed whether their failure to respond to the complaint within 30 days was the result of their culpable conduct:
“[The Alfa defendants] ... acknowledge that they did not file an answer to the complaint in the prescribed time. However, they would point out that Plaintiff moved for default on the first business day after the answer was due and that this Court granted that Motion on the next day. [The Alfa defendants] were in communication with the Plaintiff in an attempt to settle the matter during *907 the time after the case was filed and believed that Plaintiff was going to come to their place of business to sign a new contract. Therefore, they did not file an answer during the 35 days between receiving the Complaint and Plaintiffs Motion for Default. While this inaction may be negligent, it certainly does not rise to the level of incessant and flagrant disrespect for court rules, disregard for Judicial authority, or intentional non-responsiveness, indeed, Plaintiff moved for default so quickly that [the Alfa defendants] were in default only 36 days after they were served with the Complaint.”
The Millers filed a response to the motion on June 4, 2013, arguing that the financing document containing the 21% interest rate was void and asserting facts in support of their claims for relief against the Alfa defendants. The Millers did not address whether they would suffer any prejudice in the litigation if the entry of default was set aside, nor did they address the assertion of the Alfa defendants that their failure to respond to the complaint within 30 days was not culpable.
A hearing was held on the record on June 7, 2013. Alshaikh testified at the hearing, stating that he had an employee take the summonses and complaints to an attorney after being served and that he also had an employee take the motion for entry of default to the attorney. Alshaikh claimed that he thought the attorney was addressing the complaint. On cross-examination, the Millers’ attorney asked Al-shaikh about the history of the business known as “Alfa Automotive” and how Alfa Automotive arranged for financing for cars it sold, and the Millers’ attorney extensively questioned Alshaikh about the facts concerning the transaction with the Millers and the repossession of the car. Twice the attorney for the Alfa defendants objected that the questioning was “getting into deposition territory.” After the questioning was completed, counsel for the Millers attempted to introduce payment records for the car. Counsel for the Alfa defendants objected and stated:
“What we’ve got to show [the court] is that there’s a valid defense. Our defense at this point is that [Linda Miller] signed a 21 percent contract and she was behind on it. If they can dispute that they can do that at trial. We don’t have to absolute hands down win the case right now even though [counsel for the Millers] is attempting to try the whole thing.”
The June 7 hearing concluded without a ruling. On June 21, 2013, the Millers filed their first amended complaint to add Vehicle Acceptance Corporation and Alabama Recovery Associates as the sixth and seventh defendants in the case and to assert claims against those defendants arising from the purchase and repossession of the car. The first amended complaint repeated the claims for damages against the Alfa defendants. No jury demand was made in the first amended complaint. The Millers also filed discovery requests directed to the newly added defendants.
On July 16, 2013, the Millers filed a second amended complaint, adding Gerald Smith d/b/a Alabama Recovery Associates as the eighth defendant and asserting a claim against Smith arising from the purchase and repossession of the car. The second amended complaint repeated the claims for damages against the Alfa defendants. The second amended complaint contained a jury demand.
On September 10, 2013, the Millers moved for the entry of default against Smith and Alabama Recovery Associates. The Millers sought a judgment against those defendants for $100,000 “based on evidence presented at the hearing held June 7, 2013, and the record already be *908 fore the Court.” Default was entered against Smith and Alabama Recovery Associates on September 12, 2013.
On October 31, 2013, the Millers moved to dismiss, with prejudice, American Credit and Vehicle Acceptance Corporation as defendants in the case. In their motion to dismiss, the Millers stated that “[t]he claims against Alfa Auto Sales, LLC, Alfa Automotive, LLC, Moe A1 Sheikh, Jamal Alshaikh, Alabama Recovery Associates and Gerald Smith remain pending.” On November 1, 2013, the trial court entered an order dismissing, with prejudice, American Credit and Vehicle Acceptance Corporation as defendants, and incorporating the language used by the Millers in their motion to dismiss regarding the pending claims against the remaining defendants.
Also, on November 1, 2013, the trial court entered an order denying the May 19, 2013, motion of the Alfa defendants to set aside the entry of default against them. The trial court set a hearing to begin on December 13, 2013, regarding proof of damages.
There is no transcript of a hearing conducted on December 13, 2013. On December 13, 2013, the trial court entered a judgment against the Alfa defendants, Gerald Smith, and Alabama Recovery Associates for $72,506.43, consisting of $12,506.43 in compensatory damages and $60,000 in punitive damages. The trial court specifically found that
“[t]he conduct of [the Alfa defendants], Alabama Recovery Associates and Gerald Smith was intentional and highly reprehensible; proximately resulted in mental distress and $6,506.43 in special damages to Plaintiffs; forcibly and with deception deprived Plaintiffs of their property; violated the peace and Alabama law regarding interest rate disclosures' and repossession of property; and all at a time, place, and under circumstances where Plaintiffs were financially vulnerable.”
Although the judgment held that the Millers had incurred “special damages” in the amount of $6,506.43, the judgment did not specifically state how the total amount of compensatory damages was calculated.
On January 10, 2014, the Alfa defendants moved to alter, amend, or vacate the judgment or, in the alternative, for an order remitting the amount of damages awarded. In the motion, the Alfa defendants again asked the trial court to set aside the entry of default and challenged the amount of compensatory damages awarded as being unsupported by the evidence presented. The Alfa defendants also argued that they had
“presented testimony that their conduct was mistaken and simply a clerical error with regard to the interest rate on [the Millers’] loan document. This testimony was undisputed and [the Alfa defendants] presented further testimony that they attempted to correct this mistake, but that [the Millers] would not cooperate. This undisputed testimony shows that [the Alfa defendants’] conduct was not intentional, and therefore would not support an award of punitive damages against them.”
The Alfa defendants further asserted that the amount of punitive damages awarded was excessive and not supported by the record and was in violation of the principles established in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The Alfa defendants did not request a hearing in their postjudgment motion, and the motion was denied by the trial court without a hearing on January 16, 2014. The Alfa defendants filed a notice of appeal on February 27, 2014, to the supreme court.[2] On *909 January 9, 2015, the supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Within certain parameters, a trial court is vested with broad discretion in deciding whether to set aside a default judgment properly entered against a defendant who has failed to respond in a timely manner. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). The trial court “must first presume that a defaulting party has a right to a trial on the merits.” Id. at 608. “[T]he trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy.” Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998). Beginning with that presumption, the trial court must then consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.
We note that the April 9, 2013, entry of default against the Alfa defendants was an interlocutory order subject to being set aside at any time before a judgment was entered. Rule 55(c), Ala. R. Civ. P. The Alfa defendants could have filed a petition for the writ of mandamus from the November 1, 2013, order of the trial court refusing to set aside the entry of default. See Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892 (Ala.2005). Instead, the Alfa defendants chose to appeal from the December 13, 2013, default judgment. Id. at 897. The Kirtland analysis is applicable under either avenue of appellate review; however, in some cases, the length of the period between the entry of default and the entry of a default judgment might affect one or more of the Kirtland factors, e.g., a greater prejudice to the plaintiff might result. Id.[3] We review the Kirtland factors as presented to the trial court.

Meritorious Defense

“A meritorious defense need not be a perfect defense, nor one that would necessarily prevail at trial. . Rather, a meritorious defense is merely a ‘plausible’ defense. Kirtland, 524 So.2d at 605. That is, a meritorious defense must simply ‘induce the trial court reasonably to infer that allowing the defense to be litigated could forseeably alter the outcome of the case.’ 524 So.2d at 606 (emphasis added).”
Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 808 (Ala.2004).
In their April 9, 2013, motion, the Alfa defendants asserted that they would defend the complaint on the grounds that the Millers had voluntarily signed the contract providing for an interest rate of 21% and had failed to pay the amounts required. At the hearing on the motion to set aside the entry of default, counsel for the Alfa defendants repeated that defense and pointed out that any disputed facts should be resolved through a trial. The claims of the Millers hinge on whether the *910 contract providing for a 21% interest rate was valid or fraudulent. The Millers argue that the facts are undisputed that the documents containing the 21% interest rate are fraudulent, and they further assert that the Alfa defendants have conceded this point by claiming in the proceedings that the 21% interest rate was the result of a mistake.
Determining whether a meritorious defense has been raised for purposes of setting aside an entry of default or a default judgment requires an examination of whether the defense, if proven, would be sufficient to counter some or all of the allegations of the complaint. This threshold determination does not contemplate that the trial court will resolve disputed facts. We hold that the Alfa defendants’ assertion that the Millers voluntarily entered into the agreement at least raised a “plausible defense” for purposes of the first Kirtland factor.

Prejudice to the Nonmovant

“[T]he prejudice warranting denial of a [motion to set aside a default judgment] must be substantial.” Kirtland, 524 So.2d at 607. “This prejudice cannot take the form of mere delay or increased costs, because those can be remedied by imposing additional costs on the defendant if the plaintiff later prevails. [Kirtland,] 524 So.2d at 607. Rather, the prejudice must be substantial, facilitating fraud or collusion, resulting in the loss of evidence, or hindering discovery. 524 So.2d at 607.” Royal Ins. Co. of America, 903 So.2d at 811.
The Alfa defendants moved to set aside the entry of default 40 days after it was entered and 79 days after the Millers’ complaint was filed. The Alfa defendants asserted that the Millers would not be prejudiced if the entry of default was set aside because, they alleged, all the witnesses were still available and no evidence was unavailable.
The Millers argue that they would be prejudiced because, they say, setting aside the default judgment would “provide greater opportunity for fraud.” See Kirt-land, 524 So.2d at 607 (noting that, in some circumstances, “the delay may facilitate fraud and collusion, result in loss of evidence, and hinder discovery”). They argue that the Alfa defendants had twice attempted to transfer a fraudulent note containing an incorrect interest rate; had attempted to contact the Millers while they were represented by counsel to settle the dispute; and had continued to insist that the Millers were behind on their payments despite having evidence to the contrary. The Millers argue:
“This overall course of conduct suggests that, if given an opportunity, the Alfa defendants will likely continue to subject the Millers to fraudulent tactics — including attempts to contact them with offers of settlement ‘to get the lawyers out,’ more used car deals with purported discounts, continued allegations of missed payments, and dogged persistence in collecting payments from Ms. Miller.”
Determining whether the Millers would suffer prejudice if the default judgment is set aside requires an analysis of the litigation process along with the parties’ desires to conclude that process in a timely manner. In this ease, there is no argument that the litigation process would have been impaired or affected if the entry of default had been set aside. Indeed, the Millers continued to amend the complaint to assert new claims against new parties and to request a jury demand between April 9, 2013, the time the motion to set aside the entry of default was filed, and November 1, 2013, the date the motion was denied. Other than a delay in achieving *911 what the Millers contend will be the ultimate outcome of this litigation — a judgment in their favor against the Alfa defendants — the record contains no evidence from which prejudice to the Millers could have been found if the entry of default had been set aside.

Culpable Conduct

“Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient.” Kirtland, 524 So.2d at 607.
In their motion, the Alfa defendants asserted that they had been, at most, negligent in failing to respond to the complaint within 30 days. At the hearing on the motion, Alshaikh testified that he took the summonses and complaints to an attorney to be addressed. The Millers point to the alleged culpability of the Alfa defendants regarding liability in the underlying suit. The focus instead should be on the Alfa defendants’ culpability in failing to respond to the complaint within 30 days. Although the Millers might be able to prove culpable conduct on the part of the Alfa defendants regarding liability, there was no evidence indicating that the Alfa defendants acted willfully or in bad faith in failing to respond to the Millers’ complaint.

Conclusion

An entry of default or a default judgment should be set aside when the defendant presents what would be a meritorious defense, if proven, that there is “little or no prejudice” to the plaintiff, and that the default was not caused by the defendant’s culpable conduct. Kirtland, 524 So.2d at 608. The Millers might ultimately prevail on the merits in this litigation and obtain a judgment against the Alfa defendants, but our analysis of the Kirtland factors demonstrates that the December 13, 2013, default judgment, insofar as it pertains to the Alfa defendants, must be set aside. Accordingly, we reverse the default judgment against the Alfa defendants and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Linda Miller signed the financing documents as the ''buyer,'' and Laymon Miller signed as the "co-buyer.” The motion did not refer to Laymon Miller and referred to the "plaintiff” in the singular.

. No postjudgment motion or notice of appeal was filed on behalf of Gerald Smith or Alabama Recovery Associates.

. Based on the language of Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, some federal courts view the standard to set aside the entry of default as more lenient than the standard to set aside a default judgment. See, e.g., Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir.1990) ("The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default.").